## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CURALEAF, INC.<br>301 Edgewater Place<br>Wakefield, MA 01880<br><br>    Plaintiff,<br><br>v.<br><br>INTERNAL REVENUE SERVICE<br>1111 Constitution Avenue, NW<br>Washington, D.C. 20224<br><br>    Defendant. | No. |

## COMPLAINT

Plaintiff Curaleaf, Inc., by and through its counsel, brings this action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), as amended, for injunctive and other appropriate relief and seeking the disclosure and release of agency records improperly withheld by Defendant Internal Revenue Service ("IRS"). As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

2. This Court has authority to award injunctive relief pursuant to 5 U.S.C. § 552(a)(4)(B)

3. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B).

## PARTIES

4. Plaintiff Curaleaf, Inc., is a corporation organized under the laws of the State of Delaware.

5. Defendant IRS is an agency of the U.S. Government within the meaning of 5 U.S.C. § 552. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

6. This Complaint contains two distinct claims alleging Defendant has violated the FOIA.

7. The first claim pertains to an August 16, 2023 FOIA request for documents related to IRS Form 872, Consent to Extend the Time to Assess Tax for the taxable years ending December 31, 2016 and December 31, 2017, which purportedly extended the statute of limitations to assess tax through October 31, 2022 (the "Form 872").

8. The second claim pertains to a second FOIA request submitted on August 16, 2023, records maintained by the IRS concerning Taxpayer for the taxable years ending December 31, 2016, December 31, 2017, and December 31, 2018 (the "Examination Periods").

### *FOIA Case No. 2023-21382 – Form 872 Documents*

9. On August 16, 2023, Plaintiff, by and through its counsel, submitted a FOIA request ("FOIA Request 2023-21382") to Defendant. FOIA Request 2023-21382 sought information not previously disclosed by Defendant as part of prior FOIA requests (the "Initial FOIA Requests").

10. Plaintiff's FOIA Request 2023-21382 sought the production of:

> All versions of the Form 872, purportedly signed by George Johnson, in native form, and all associated metadata, including all versions of the

document with a purported electronic signature date of February 28, 2022 and all versions of the document with a purported "wet" signature of February 28, 2022.

All communications, including e-mails, text messages, and any notes stored in the Appeals Centralized Database System ("ACDS") or the Audit Information Management System ("AIMS"), between and among IRS personnel, including but not limited to George Johnson, Mr. Johnson's manager or supervisor, Appeals Processing Support ("APS") personnel, or IRS Counsel related to the Form 872.

All communications, including e-mails, text messages, and any notes stored in ACDS or AIMS, between and among IRS personnel, including but not limited to George Johnson, Mr. Johnson's manager or supervisor, APS personnel, or IRS Counsel related to the expiration of the statute of limitations for the Examination Period on June 30, 2022.

All Statute Expiration Reports required under I.RM. 8.10.1.4.2.1 (10-15-2014) or similar reports generated by Appeals or APS personnel concerning Taxpayer and the Examination Period during the period of January 1, 2022 through September 30, 2022.

All Statute Reports required under I.RM. 8.10.1.10.1.19 (10-15-2014) and I.RM. 8.21.3.2.2 (08-31-2018) or similar reports generated by Appeals or APS personnel concerning the Taxpayer and the Examination Period during the period of January 1, 2022 through September 30, 2022.

All data created or entered into the Case Activity Record and Automated Timekeeping System ("CARA TS") during the period of January 1, 2022 through September 30, 2022 concerning the Taxpayer and the Examination Period, including but not limited to all Case Activity Records or Time Sheets in their native form, and all associated metadata and any timesheets.

All versions of the Letter 929, Transmittal to Taxpayer of Copy of Signed Consent, prepared by George Johnson or Appeals, in its native form, and all associated metadata.

All documents related to any personnel or disciplinary actions against George Johnson in 2022.

11. As identified above, Plaintiff's FOIA Request 2023-21382 seeks, in part: 1) the production of all versions of the Form 872, purportedly signed by George Johnson, <u>in native form, and all associated metadata</u>; and 2) all versions of the Letter 929, Transmittal to Taxpayer of Copy of Signed Consent, prepared by George Johnson or Appeals, <u>in its native form, and all</u>

<u>associated metadata</u>.  By information and belief, Plaintiff believes these documents were originally created by Defendant in an electronic format.

12. Plaintiff's FOIA Request 2023-21382 was limited to any documents which were not previously provided in response to the Initial FOIA Requests and which were not prepared, created, or drafted after May 2, 2023.

13. Plaintiff's FOIA Request 2023-21382 was made in accordance with published FOIA rules and procedures.

14. By letter dated August 21, 2023, Defendant acknowledged receipt of Plaintiff's FOIA Request 2023-21382 and assigned it case number 2023-21382.

15. Defendant's August 21, 2023 letter stated that Defendant needed additional time to "[s]earch for, and, to the extent that records exist, collect requested records from other locations", and extended the statutory deadline to respond to Plaintiff's FOIA Request 2023-21382 to September 28, 2023.

16. Defendant's August 21, 2023 letter also informed Plaintiff that Defendant would not be able to respond by the new statutory deadline, either, but instead expected to provide a final response to Plaintiff's FOIA Request 2023-21382 by January 28, 2024.

17. By letter, on January 23, 2024, Defendant informed Plaintiff that Defendant would not meet Defendant's self-imposed deadline of January 28, 2024, and unilaterally extended the deadline to provide a final response to Plaintiff's FOIA Request 2023-21382 to April 28, 2024.

18. By letter, on April 22, 2024, Defendant informed Plaintiff that Defendant would not meet Defendant's self-imposed deadline of April 28, 2024, and once again unilaterally

extended the deadline to provide a final response to Plaintiff's FOIA Request 2023-21382. Defendant's new self-imposed deadline was July 28, 2024.

19. Via phone call on or about July 11, 2024, Defendant's Disclosure Specialist informed Plaintiff's counsel that the search for responsive documents was complete, that the Disclosure Specialist had conducted her review of the responsive documents, and that release of the responsive documents was only pending final review with counsel, or words to that effect. Defendant's Disclosure Specialist further informed Plaintiff's counsel that she believed this final review would only "take a couple of weeks" or words to that effect.

20. By letter on July 18, 2024, Defendant informed Plaintiff that Defendant would not meet Defendant's latest self-imposed deadline of July 28, 2024, either, and once again unilaterally extended the deadline to provide a final response to Plaintiff's FOIA Request 2023-21382.  Defendant established a new self-imposed deadline of August 28th, 2024.

21. Defendant's proposed adjustments for the 2016-2018 tax years are currently under consideration by the IRS Independent Office of Appeals.

22. Defendant's delay in producing the requested documents has prejudiced Plaintiff's ability to seek resolution of this case through the IRS Appeals process.

23. On July 29, 2024, Plaintiff's counsel sent a letter to the Disclosure Specialist assigned to the case and explained that Defendant's delay in producing the requested documents has prejudiced Plaintiff's ability to seek resolution of this case through the IRS Appeals process in a fair and efficient manner.

24. Following this letter, Defendant's FOIA Disclosure Specialist indicated Defendant would provide responsive documents to Plaintiff's FOIA Request 2023-21382 by August 28, 2024.

25. Via phone call on August 19, 2024, Defendant informed Plaintiff's counsel that Defendant would not respond by Defendant's latest self-imposed deadline of August 28, 2024, either, but instead would provide a final response to Plaintiff's FOIA Request 2023-21382 on some later, unspecified date.

26. As of the date of the filing this Complaint, Defendant has not met any of its self-imposed deadlines.

27. Because of Defendant's delay, Plaintiff's ability to seek resolution of this case through the IRS Appeals process in a fair and efficient manner has been prejudiced and will continue to be prejudiced until Defendant complies with FOIA Request 2023-21382. The degree of prejudice will be further exacerbated if Defendant does not comply with this FOIA request prior to the end of the current I.R.C. § 6501 statute of limitations for assessment on September 30, 2024.

### *FOIA Case No. 2023-21383 – Examination Periods Documents*

28. On August 16, 2023, Plaintiff, by and through its counsel, submitted a FOIA request ("FOIA Request 2023-21383") to Defendant. FOIA Request 2023-21383 sought information not previously disclosed by Defendant in response to the Initial FOIA Requests.

29. Plaintiff's FOIA Request 2023-21383 sought the production of:

> All documents contained in the IRS Independent Office of Appeals' ("Appeals") records relating to the audit of Taxpayer for the Examination Periods or the appeal thereof, except any documents previously provided by the IRS in response to the Initial FOIA Requests and any documents contained in the Appeals records which were created or drafted after May 2, 2023.

> All communications, including e-mails, regarding, referring, or relating to the audit of Taxpayer for the Examination Periods or the appeal thereof, including any communications where a member of the Appeals team for Taxpayer (or any other IRS employee or contractor) was the sender, recipient, or otherwise obtained copies of the communication, except any documents previously provided by the IRS in

response to the Initial FOIA Requests and any documents contained in the Appeals records which were created or drafted after May 2, 2023.

30. Plaintiff's FOIA Request 2023-213833 was limited to any documents which were not previously provided in response to the Initial FOIA Requests.

31. Plaintiff's FOIA Request 2023-21383 was made in accordance with published FOIA rules and procedures.

32. By letter dated August 21, 2023, Defendant acknowledged receipt of Plaintiff's FOIA Request 2023-3183 and assigned it case number 2023-21383.

33. Defendant's August 21, 2023 letter stated that Defendant needed additional time to "[s]earch for, and, to the extent that records exist, collect requested records from other locations," and extended the statutory deadline to respond to Plaintiff's FOIA Request 2023-21383 to September 28, 2023.

34. Defendant's August 21, 2023 letter also informed Plaintiff that Defendant would not be able to respond by the new statutory deadline, either, but instead expected to provide a final response to Plaintiff's FOIA request 2023-21383 by January 28, 2024.

35. By letter, on January 23, 2024, Defendant informed Plaintiff that Defendant would not meet Defendant's self-imposed deadline of January 28, 2024, and unilaterally extended the deadline to provide a final response to Plaintiff's FOIA Request 2023-21383 to April 28, 2024.

36. By letter, on April 22, 2024, Defendant informed Plaintiff that Defendant would not meet Defendant's self-imposed deadline of April 28, 2024, and once again unilaterally extended the deadline to provide a final response to Plaintiff's FOIA Request 2023-21383. Defendant's new self-imposed deadline was July 28, 2024.

37. Via phone call on or about July 11, 2024, Defendant's Disclosure Specialist informed Plaintiff's counsel that the search for responsive documents was complete, that the Disclosure Specialist had conducted her review of the responsive documents, and that release of the responsive documents was only pending final review with counsel, or words to that effect. Defendant's Disclosure Specialist further informed Plaintiff's counsel that she believed this final review would only "take a couple of weeks" or words to that effect.

38. By letter on July 18, 2024, Defendant informed Plaintiff that Defendant would not meet Defendant's latest self-imposed deadline of July 28, 2024, either, and once again unilaterally extended the deadline to provide a final response to Plaintiff's FOIA Request 2023-21383. Defendant established a new self-imposed deadline of August 28th, 2024.

39. Defendant's proposed adjustments for the 2016-2018 tax years are currently under consideration by the IRS Independent Office of Appeals.

40. Defendant's delay in producing the requested documents has prejudiced Plaintiff's ability to seek resolution of this case through the IRS Appeals process.

41. On July 29, 2024, Plaintiff's counsel sent a letter to the Disclosure Specialist assigned to the case and explained that Defendant's delay in producing the requested documents has prejudiced Plaintiff's ability to seek resolution of this case through the IRS Appeals process in a fair and efficient manner.

42. Following this letter, Defendant's FOIA Disclosure Specialist indicated Defendant would provide responsive documents to Plaintiff's FOIA request 2023-21383 by August 28, 2024.

43. Via phone call on August 19th, 2024, Defendant informed Plaintiff's counsel that Defendant would not respond by Defendant's latest self-imposed deadline of August 28, 2024,

either, but instead would provide a final response to Plaintiff's FOIA Request 2023-21383 on some later, unspecified date.

44. As of the date of the filing this Complaint, Defendant has not met any of its self-imposed deadlines.

45. Because of Defendant's delay, Plaintiff's ability to seek resolution of this case through the IRS Appeals process in a fair and efficient manner has been prejudiced and will continue to be prejudiced until Defendant complies with FOIA Request 2023-21383.  The degree of prejudice will be further exacerbated if Defendant does not comply with this FOIA request prior to the end of the current I.R.C. § 6501 statute of limitations for assessment on September 30, 2024.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### (Violation of, 5 U.S.C. § 552 in Relation to Case No. 2023-21382)

46. Plaintiff realleges paragraphs 1 through 26 as if fully stated herein.

47. Defendant, an agency of the U.S. Government within the meaning of 5 U.S.C. § 552, has improperly withheld agency records within its possession or control, in violation of 5 U.S.C. § 552(a)(3).

48. Plaintiff is entitled under FOIA to disclosure of the requested records.  5 U.S.C. § 552(a)(3).  Defendant is required to respond within 20 working days.  5 U.S.C. § 552(a)(6)(A)(i). This deadline may be extended by an additional 10 working days when "unusual circumstances" are present.  5 U.S.C. § 552(a)(6)(B).

49. As of the date of filing this Complaint, over one year from the date of the original FOIA Request 2023-21382, Defendant has yet to disclose the requested records, or communicate a determination within the meaning of 5 U.S.C. § 552(a)(6)(A)(i), within the statutory timeframe.

50. The FOIA defines the term "record" to include information stored in an electronic format. 5 U.S.C. § 552(f)(1)(2)(A). The FOIA also requires Defendant to provide records in "any form or format" requested by Plaintiff if the record is "readily reproducible" in that form or format. 5 U.S.C. § 552(a)(3)(B). "[W]hen an agency already creates or converts documents in a certain format, requiring that it provide documents in that format to others does not impose an unnecessarily harsh burden, absent specific, compelling evidence as to significant interference or burden." *Sai v. Transp. Sec. Admin.*, 466 F. Supp. 3d 35, 44-45 (D.D.C. 2020) (quoting *TPS, Inc. v. Dep't of Defense*, 330 F.3d 1191, 1195 (9th Cir. 2003)) (internal quotations omitted).

51. Plaintiff is entitled to disclosure of the requested versions of Form 872 and Letter 929 in their native format with all associated metadata, because these documents are readily reproducible in this format. Providing the documents in their native format with all associated metadata does not impose a significant burden on Defendant because: 1) this is the format the documents were originally created in; and 2) the number of documents requested in native format are, presumably, relatively few in number.

52. Plaintiff has exhausted all administrative remedies.

53. In the alternative, all administrative remedies have also been constructively exhausted.

54. Defendant's lack of diligence and resulting unreasonable delay has prejudiced Plaintiff's ability to seek resolution of its case pertaining to the 2016-2017 tax years through the IRS Appeals process in a fair and efficient manner.

55. Defendant's conduct will continue to prejudice Plaintiff until Defendant is compelled to obey the law.

## SECOND CAUSE OF ACTION
### (Violation of, 5 U.S.C. § 552 in Relation to Case No. 2023-21383)

56. Plaintiff realleges paragraphs 1 through 7 and 27 through 44 as if fully stated herein.

57. Defendant, an agency of the U.S. Government within the meaning of 5 U.S.C. § 552, has improperly withheld agency records within its possession or control, in violation of 5 U.S.C. § 552(a)(3).

58. Plaintiff is entitled under FOIA to disclosure of the requested records. 5 U.S.C. § 552(a)(3). Defendant is required to respond within 20 working days. 5 U.S.C. § 552(a)(6)(A)(i). This deadline may be extended by an additional 10 working days when "unusual circumstances" are present. 5 U.S.C. § 552(a)(6)(B).

59. As of the date of filing this Complaint, over one year from the date of the original FOIA Request 2023-21383, Defendant has yet to disclose the requested records, or communicate a determination within the meaning of 5 U.S.C. § 552(a)(6)(A)(i), within the statutory timeframe.

60. Plaintiff has exhausted all administrative remedies.

61. In the alternative, all administrative remedies have also been constructively exhausted.

62. Defendant's lack of diligence and resulting unreasonable delay has prejudiced Plaintiff's ability to seek resolution of its case pertaining to the 2016-2017 tax years through the IRS Appeals process in a fair and efficient manner. Defendant's conduct will continue to prejudice Plaintiff until Defendant is compelled to obey the law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

(1) Assume jurisdiction in this matter and maintain jurisdiction until Defendant complies with FOIA and every order of this Court;

(2) Enjoin Defendant from continuing to withhold agency records responsive to FOIA Case #'s 2023-21382 and 2023-21383;

(3) Order Defendant to produce, by September 30, 2024, or such other certain date as the Court deems just and proper, all records responsive to Plaintiff's outstanding FOIA requests, case numbers 2023-21382 and 2023-21383 in the form and format requested by Plaintiff;

(4) Assess against the United States reasonable attorney fees and other litigation costs reasonably incurred by Plaintiff pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant Plaintiff such other relief as the Court deems just and proper.


Dated this 29th day of August, 2024

*s/Michael J. O'Leary*
Michael J. O'Leary (D.C. Bar #1014610)
Holland & Hart LLP
505 9th Street NW, Suite 700
Washington, DC 20004
Telephone: (202) 654-6922
Email: MJOleary@hollandhart.com

Rachel K. Gillette (*Pro hac vice* pending)
Holland & Hart LLP
555 17th Street, Suite 3200
Denver, CO 80202
Telephone: (303) 295-8241
Email: RKGillette@hollandhart.com

Jennifer E. Benda *(Pro hac vice* pending)
Holland & Hart LLP
555 17th Street, Suite 3200
Denver, CO 80202
Telephone: (303) 295-8203
Email: JEBenda@hollandhart.com

***Attorneys for Plaintiff Curaleaf, Inc.***
